**In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.**

**v.**

**Petition of CONSOLIDATED EDISON COMPANY OF NEW YORK, Inc. to compel compliance with order No. 18.**

**No. 70–347.**

United States District Court, E. D. Pennsylvania.

Sept. 22, 1971.

Aaron Fine, Harold E. Kohn, P. A., Philadelphia, Pa., for Petitioner.

Marvin Comisky, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Special Counsel for Trustees, Penn Central Transportation Co., Respondents.

## MEMORANDUM AND ORDER.

FULLAM, District Judge.

The Debtor's contract with Consolidated Edison Company of New York, Inc., in effect since June 25, 1957, requires the Debtor to take or pay for a minimum of 40,000,000 kilowatt hours of electricity per year. On July 20, 1970, by Order No. 18 in these proceedings, the Debtor was directed to pay to various utility companies, including Con Ed, "all charges and accounts due for supplying energy to the Debtor from and including June 22, 1970, which have become due or shall become due hereafter and have been billed in usual course. * * * *"

In 1970, the Debtor purchased and paid for only 32,442,010 kilowatt hours of electricity from Con Ed, thus falling short of its contract obligations by 7,557,990 kilowatt hours. Under the terms of the contract, there is thus a balance due from the Debtor in the sum of $92,151.93. The issue before the Court is whether this balance should now be paid.

The Trustees take the position that, under Order No. 18, they are required to pay currently only for electrical energy actually consumed, and that the deficiency mentioned above merely constitutes a claim by Con Ed which should be asserted by proof of claim in the usual course. While this argument is not altogether lacking in merit, I believe it represents too narrow a view of the situation. Order No. 18 contemplated that the Debtor would pay for the electricity which it is using in conducting its business during reorganization. The price to be paid was fixed on a negotiated basis, and it seems obvious that the obligation to pay for at least 40,000,000 kilowatt hours per year was a factor in the determination of the hourly rate. Or, to put it another way, the correct price to be paid by the Debtor for electrical energy supplied by Con Ed could not be determined until year-end, when it was learned whether the Debtor had met the minimum use standard. Thus, in a year in which the Debtor failed to take the minimum number of kilowatt hours, the price for the energy actually used was to be adjusted upward.

On the basis of this analysis, it seems clear that the Debtor does not fully comply with Order No. 18 merely by paying the periodic billings; adjustments to these billings, mandated by the terms of the contract, are also within the reach of Order No. 18.

It does not follow, however, that the Debtor must now pay the full $92,151.93. The Debtor has not been directed to pay pre-bankruptcy balances due Con Ed, and it seems clear that approximately one-half of the sum now claimed should properly be allocable to the pre-bankruptcy period. True, if the Debtor had consumed more electricity during the last half of the year, there would be no balance now due, and all of this energy would have been paid for as an expense

of operating the Debtor during reorganization. Conversely, however, if the Debtor had used more electricity pre-bankruptcy, there would be no balance now due, and the additional expense would have been paid pre-bankruptcy, or would constitute a pre-bankruptcy claim. In short, the failure to meet the minimum arises from the Debtor's operations throughout the entire year, and the balance now due by reason of the necessary adjustment should be allocated on an annual basis. I calculate the adjustment at the rate of $252.47 per day, or $48,726.71 for the post-bankruptcy period.